

**U.S. Department of Justice**

Criminal Division

*Fraud Section*
*1400 New York Avenue, NW*
*Washington, D.C. 20005*

December 6, 2013

David Siegal, Esq.
Haynes and Boone, LLP
30 Rockefeller Plaza
26th Floor
New York, NY  10112

    Re:  <u>Plea Agreement with Jonathan Daspin</u>

Dear Mr. Siegal:

    This letter sets forth the plea agreement between your client, Jonathan Daspin, and the United States Department of Justice, Criminal Division, Fraud Section ("Government").

<u>Charge</u>

    Conditioned on the understandings specified below, the Government will accept a guilty plea from Jonathan Daspin to a one-count information, which charges him with conspiracy to commit wire fraud and securities fraud, in violation of 18 U.S.C. § 1349.  If Jonathan Daspin enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, the Government will not initiate any further criminal charges against Jonathan Daspin for conduct he engaged in during his employment at ConvergEx Global Markets, Ltd. ("CGM Ltd.") (and its predecessor entities) related to false statements designed to conceal the practice of taking mark-ups and mark-downs on securities transactions, including false time and sales reports and false statements about the batching of orders.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Jonathan Daspin may be commenced against

him, notwithstanding the expiration of the limitations period after Jonathan Daspin signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 to which Jonathan Daspin agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Jonathan Daspin is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The Government cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Jonathan Daspin ultimately will receive.

Further, in addition to imposing any other penalty on Jonathan Daspin, the sentencing judge: (1) will order Jonathan Daspin to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Jonathan Daspin to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Jonathan Daspin, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) pursuant to 18 U.S.C. § 3583, may require Jonathan Daspin to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Jonathan Daspin be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Jonathan Daspin may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of The Government Regarding Sentencing

Except as otherwise provided in this agreement, the Government reserves its right to take any position with respect to the appropriate sentence to be imposed on Jonathan Daspin by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the Government may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Jonathan Daspin's activities and relevant conduct with respect to this case.

Stipulations

The Government and Jonathan Daspin agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of the Government is based on the information and evidence that the Government possesses as of the date of this agreement. Thus, if the Government obtains or receives additional evidence or information prior to sentencing that they determine to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the Government shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either the Government or Jonathan Daspin from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the Government and Jonathan Daspin waive certain rights to file an appeal, collateral

attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Department of Justice, Criminal Division, Fraud Section and cannot bind other federal, state, or local authorities. However, the Government will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Jonathan Daspin, except that forfeiture is not being sought from Jonathan Daspin based on his agreement to enter into a resolution with the Securities and Exchange Commission in a parallel civil regulatory matter in which he has agreed to disgorge approximately $1 million. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Securities and Exchange Commission), or any third party from initiating or prosecuting any civil or administrative proceeding against Jonathan Daspin.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Jonathan Daspin and the Government and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

JEFFREY H. KNOX
Chief, Fraud Section

*/s/ Patrick M. Pericak*

By: Justin Goodyear
Jason Linder
Patrick M. Pericak
Trial Attorneys, Fraud Section

APPROVED:

*/s/ Patrick F. Stokes*
Patrick F. Stokes
Deputy Chief, Fraud Section

I have received this letter from my attorney, David Siegal, Esq. and I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*[signature]* Date: 12/09/13
Jonathan Daspin

    I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*[signature]* Date: 12/09/13
David Siegal, Esq.

<u>Plea Agreement With Jonathan Daspin</u>

<u>Schedule A</u>

1. The Government and Jonathan Daspin recognize that the United States Sentencing Guidelines are not binding upon the Court. The Government and Jonathan Daspin nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective at the time of sentencing applies in this case, unless use of that manual would violate the ex post facto clause of the United States Constitution. <u>See</u> USSG 1B1.11. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7.

3. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(J) applies because the offense involved more than $2,500,000 but less than $7,000,000 in losses. This Specific Offense Characteristic results in an increase of 18 levels.

4. U.S.S.G. § 2B1.1(b)(10) applies because a substantial part of the fraudulent scheme was committed from outside the United States or the offense involved sophisticated means. This Specific Offense Characteristic results in an increase of 2 levels.

5. U.S.S.G. § 2B1.1(b)(18) applies because the offense involves a violation of securities law and, at the time of the offense, the defendant was a registered broker or dealer or a person associated with a broker or dealer. This Specific Offense Characteristic results in an increase of 4 levels.

6. U.S.S.G. § 3B1.1(b) applies because the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive. This results in an increase of 3 levels.

7. As of the date of this letter, Jonathan Daspin has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Jonathan Daspin's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, Jonathan Daspin has

assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the court to allocate their resources efficiently. At sentencing, the Government will move for a further 1-point reduction in Jonathan Daspin's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Jonathan Daspin enters a plea pursuant to this agreement, (b) the Government in its discretion determines that Jonathan Daspin's acceptance of responsibility has continued through the date of sentencing and Jonathan Daspin therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Jonathan Daspin's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to Jonathan Daspin is 31 (the "agreed total Guidelines offense level").

10. Jonathan Daspin knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 31. The Government will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 31. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.